IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MBI Oil and Gas, LLC, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | **ORDER GRANTING MOTION** |
| ) | **TO SUBSTITUTE PARTY** |
| v. ) | |
| ) | |
| Royalty Interests Partnership, LP ) | |
| and Ovintiv USA Inc., ) | Case No.: 1:22-cv-00187 |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

On August 18, 2023, Ovintiv USA Inc. ("Ovintiv") filed a *Motion to Substitute Party*. (Doc. No. 28). Ovintiv requests this court substitute Grayson Mill Bakken, LLC ("Grayson Mill") for Ovintiv for the remainder of the litigation, as Grayson Mill has acquired Ovintiv's Bakken assets, including the lease subject to this litigation. (*Id.*). MBI Oil and Gas, LLC ("MBI") opposes Ovintiv's motion to substitute Grayson Mill for itself for the purposes of the pending litigation. (Doc. No. 32).

## I. BACKGROUND

The following are facts taken from the parties' motions, pleadings, and supporting memoranda. The facts are presumed true for purposes of this order.

MBI commenced a quiet title action, naming Royalty Interests Partnership II, LP ("Royalty Interests") and Ovintiv as defendants. (Doc. No. 32). Royalty Interests owns interests in both gas and oil. (*Id.*). These interests were leased to MBI, and then subsequently Royalty Interests leased those same interests to Ovintiv. (*Id.*). The litigation aims to determine whether the MBI lease is still in effect and is thus superior to the Ovintiv lease. (*Id.*)

## II. LEGAL STANDARD

The relevant legal standard is Rule 25(c) of the Federal Rules of Civil Procedure, which provides:

> **(c) Transfer of Interest**. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

## III. DISCUSSION

### a. Authentication

MBI argues that Ovintiv did not submit a motion supported by admissible evidence, as Exhibit A, the purported bill of sale of the Ovintiv lease, lacks authentication. (Doc. No. 32). In response, Ovintiv argued that the exhibit is a notarized document, and therefore is self-authenticating. (Doc. No. 33). Ovintiv also provided an affidavit by Adam Osbeck, counsel for Grayson Mill, and a recorded copy of the Assignment, Bill of Sale, and Conveyance. (*Id.*).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. CIV. P. 901(a). Evidence that satisfies this requirement includes documents which are recorded or filed in a public office. FED. R. CIV. P. 901(b)(7)(A). Ovintiv has shown the court evidence of the authentication of the Assignment, Bill of Sale, and Conveyance by providing a properly filed and recorded document. (Doc. No. 33-2).

Ovtintiv also provided an affidavit of Adam Osbeck ("Osbeck"), counsel for Grayson Mill. (Doc. No. 33-1). Within this affidavit, Osbeck testified he is familiar with the transactions between Ovintiv and Grayson Mill, and "Exhibit A to the Motion is a true and correct copy of the Assignment, Bill of Sale, and Conveyance." (*Id.*). Under FED. R. CIV. P. 901(b)(1) authentication

2

occurs when there is testimony of a witness with knowledge. Here, the court is persuaded that Osbeck testified that Exhibit A is what he claimed it to be.

Federal Rules of Civil Procedure 902(8) further provides that documents accompanying certificates of acknowledgement executed by a notary public are self-authenticating. Ovintiv's Exhibit A has five acknowledgement pages, all of which were executed by a notary public with a valid commission. Accordingly, the document was self-authenticating, and Ovintiv was not required to supplement the Exhibit with the affidavit or the recorded copy in its reply. The court finds that Ovtintiv's motion is supported by admissible evidence.

### b. Rule 25(c)

Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. FED. R. CIV. P. 25(c). Ovintiv's Exhibit A provides:

> For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby GRANT, BARGAIN, SELL, CONVEY, DEED, ASSIGN, TRANSFER, SET OVER, and DELIVER unto GM Bakken all of Assignor's right, title, and interest in and to the Assets (as defined below), to have and to hold unto GM Bakken and its successors and assigns, forever….

(Doc. No. 29-1). The Assignment also grants "all of Assignor's right, title, interest in and to the following, other than the Excluded Assets: (a) all oil, gas, or other Hydrocarbon leases, subleases, and other leaseholds located within the State of North Dakota (the "Contract Area"), including those described on Exhibit A-1…." (*Id.*) (emphasis omitted). Ovtintiv asserts that Grayson Mill has obtained all right, title, and interest in the Ovintiv lease as evidenced by the Assignment. (Doc. No. 29).

The decision to allow the substitution of a party under Rule 25(c) is within the sound discretion of the court. *Nationstar Mortg., LLC v. Kennedy*, No. 1:17-CV-158, 2020 WL 3833085,
3

at *1 (D.N.D. July 8, 2020). As Grayson Mill now holds the right, title, and interest in the Ovintiv lease and Ovintiv no longer has an interest in the litigation, substitution of the parties is appropriate.

## IV. CONCLUSION

The court **GRANTS** Ovintiv's *Motion to Substitute Party*. (Doc. No. 28). Accordingly, Grayson Mill shall be substituted for Ovintiv for the remainder of the litigation.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2023.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court