IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MBI Oil and Gas, LLC,<br><br>                                    Plaintiff,<br><br>vs.<br><br>Royalty Interests Partnership, LP and<br>Grayson Mill Bakken, LLC,<br><br>                                    Defendants. | Case No. 1:22-cv-00187 |

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR ATTORNEY FEES

### INTRODUCTION

[¶1]    THIS MATTER comes before the Court on Defendant Royalty Interests Partnership, LP's ("Royalty") Motion for Attorneys' Fees and Costs filed on May 2, 2024. Doc. No. 55. Plaintiff MBI Oil and Gas, LLC ("MBI") filed a response on May 23, 2024. Doc. No. 61. Royalty filed a Reply on June 6, 2024. Doc. No. 66.

[¶2]    Summary judgment was entered in favor of Defendants Royalty and Grayson Mill Bakken, LLC. Doc. No. 53. In doing so, the Court concluded Royalty was entitled to reasonable attorneys' fees under North Dakota Century Code Section 47-16-37 but left the question of how much open for another day. Id. at ¶ 24. As discussed in more detail below, because the attorneys' fees requested by Royalty exceed a normal rate for such services in North Dakota, the Court will reduce Royalty's claim accordingly. On this basis, Royalty's Motion for Attorneys' Fees and Costs is **GRANTED**, **in part**, **and DENIED**, **in part**.

**DISCUSSION**

[¶3]     In this diversity case, "North Dakota law governs the award of attorneys' fees." Continental Resources, Inc. v. Fisher, 102 F.4th 918, 929 (8th Cir. 2024). The North Dakota Supreme Court has approved two methods of determining reasonable attorneys' fees: (1) "the lodestar method" and (2) use of an itemized bill and affidavit. Id. The Parties both argue under the lodestar method, which the Court will apply here.

[¶4]     Under the lodestar method, when deciding whether and to what extent to award attorneys' fees, courts look to the number of the hours reasonably spent on a case times a reasonable hourly rate. Burlington v. Dague, 505 U.S. 557, 559 (1992). Courts have considerable discretion when determining reasonable attorneys fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[1] "The trial judge should weigh the hours claimed against his knowledge, experience and expertise of the time required to complete similar activities." Gilbert v. City of Little Rock, 867 F.2d 1063, 1066 (8th Cir. 1989). In North Dakota, courts consider eight factors when considering awarding attorneys' fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

---

[1] The U.S. Supreme Court in Hensley approved twelve factors to consider when adjusting the lodestar amount. 461 U.S. at 430 n.3. Royalty does not ask the Court to adjust the lodestar amount based on these factors so the Court will not address them at this time.

Fisher, 102 F.4th at 930–31 (quoting Big Pines, LLC v. Baker, 2021 ND 70, ¶ 18, 958 N.W.2d 480).

[¶5]    As a general rule, a reasonable hourly rate is the prevailing market rate, that is, "the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001). The party seeking an award of attorney's fees bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The district court is in the best position to understand what services are reasonable and what hourly rates are appropriate in the relevant market. Al-Birekdar v. Chrysler Grp., LLC, 499 F. App'x 641, 648 (8th Cir. 2013) (holding the district court did not abuse its discretion in reducing the requested hourly rates). In North Dakota, courts look to the reasonable rate of similar work in the state of North Dakota. Deadwood Canyon Ranch, LLP v. Fidelity Expl. & Prod. Co., 2014 WL 11531553, at *3 (D.N.D. June 26, 2014) ("In accordance with the North Dakota Supreme Court and the Eighth Circuit Court of Appeals decisions, this Court must look to similar work in the state of North Dakota.").

[¶6]    Royalty asks the Court to award it $232,019.70 in attorneys' fees and $100 in statutory damages, claiming the requested fees are reasonable. MBI disputes the reasonableness Royalty's requested attorneys' fees on two grounds: (1) the rates exceed those charged by Royalty's in-state counsel, and (2) Royalty's rates are greater than the customary rates for such cases in North Dakota.

[¶7]    Royalty fails to meet its burden to show its requested rates, ranging from $810 to $1,025, are reasonable in North Dakota. The record establishes the reasonable attorney rate in North Dakota for such claims is $310 per hour, as evidenced by Royalty's local counsel rate. There is

some evidence that $515 per hour may be a prevailing rate; however, the claims at issue in this case were not particularly complex. Indeed, the claim was essentially one of basic contract interpretation. A rate of $515 per hour in this Court's experience for the sort of claims at issue here is too high.[2] Indeed, Royalty chose to hire local counsel that charges significantly less than $515 per hour. The Court agrees local counsel's rate of $310 per hour is appropriate under the circumstances. See id. at *4 ("When a plaintiff employs both an in-state and out-of-state attorney, the in-state market is the relevant market by which attorney's fees are to be measured. It is appropriate to reduce the hourly rate charged to that of the in-state attorney."). The Court is unpersuaded by the arguments to the contrary.

[¶8] Accordingly, Royalty's claim for attorneys' fees and costs shall be reduced to: (1) $82,063.20 in attorneys' fees—reflecting 264.72 total hours times an hourly rate of $310—and $350 in undisputed costs.[3]

## CONCLUSION

[¶9] For the reasons set forth above, Royalty's Motion for Attorneys' Fees and Costs is **GRANTED**, **in part**, **and DENIED**, **in part**. The Clerk of Court is directed to amend the judgment to award Royalty attorneys' fees in the amount of $82,063.20 and costs totaling $350. All other terms of the judgment shall remain in place.

[¶10]   **IT IS SO ORDERED.**

DATED October 9, 2024.

Daniel M. Traynor, District Judge
United States District Court

---

[2] Royalty's local counsel, Robin Forward, provided an affidavit stating his hourly rate was $480 per hour in a separate case. For the same reasons $515 per hour is too high of a rate, the Court concludes $480 is also too high.

[3] The original Judgment included the $100 statutory damages award, which will remain in effect.